**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

ANDREA PEREIRA,

        Plaintiff,

v.

HUGO BOSS RETAIL, INC.

        Defendant.

_____

CASE NO.: _____

**PLAINTIFF DEMAND A TRIAL BY JURY**

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, ANDREA PEREIRA ("**Plaintiff**" or "**Ms. Pereira**"), through her counsel, Derek Smith Law Group, PLLC, hereby complains of Defendant HUGO BOSS RETAIL, INC. ("**Defendant**" and/or "**HUGO BOSS**"), and alleges as follows:

**INTRODUCTION**

1. This employment discrimination case is about an employer who subjected its female employee to relentless discrimination and retaliation.

2. Plaintiff Andre Periera brings this action pursuant to the Equal Pay Act of 1963 ("**EPA**"), 52 Stat. 1062, as amended, 29 U.S.C. §206(d) *et seq*. ("**EPA**") and the Florida Statute Section 760.10.

3. Ms. Periera seeks monetary relief to redress Defendant's unlawful employment practices in violation of the EPA. Additionally, this action seeks to redress Defendant's deprivation of Ms. Periera's personal dignity and her civil right to pursue equal employment opportunities.

4. Defendant's unrelenting discrimination and harassment against Plaintiff culminated with her unlawful termination.

1

5. At bottom, Defendant is liable for subjecting Ms. Periera to a work environment infested with relentless gender/sex discrimination and for wrongfully terminating Plaintiff because of her gender/sex as well as in complaints of unlawful conduct by Defendant.

**PARTIES**

6. Plaintiff Pereira is an individual woman. Ms. Pereira is a resident of Broward County, and former employee of Defendant HUGO BOSS.

7. Defendant HUGO BOSS is a foreign for-profit corporation, with its principal place of business in New York, New York, and having locations throughout the United States, including a corporate office at 1200 South Pine Island Road, Plantation, FL 33324, and a retail location at 19501 Biscayne Blvd., Suite#049 Aventura, FL 33180.

8. Defendant HUGO BOSS employed no fewer than 15 or more persons for no less than 20 calendar weeks in the current calendar year and is therefore an employer as defined by the FCRA. Fla. Stat. § 760.02(7) (2020).

9. At all relevant times, Plaintiff was employed by Defendant HUGO BOSS and performed work for Defendant in Broward County, Florida at Defendant's Aventura location.

10. Furthermore, this Action is to redress the Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because of her sex, and for permitting Plaintiff to be discriminated against.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

12. This Court has supplemental jurisdiction over Plaintiff's claims based on violations of the FCRA.

13. Venue is proper in this Court under 28 U.S.C. §1391 because the unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami-Dade Division. Defendant's business was located in this judicial district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Miami-Dade, Florida, located in Miami-Dade County, Florida.

## ADMINISTRATIVE PROCEDURAL REQUIREMENTS

14. Plaintiff has satisfied all administrative requirements. Plaintiff timely dual-filed charges of discrimination with the U.S. Equal Employment Opportunity Commission ("**EEOC**") and the Florida Commission on Human Relations ("**FCHR**") on or about July 22, 2019.

15. In accordance with and pursuant to the existing workshare agreement between the two agencies, an FCHR filing automatically operates as a dual EEOC filing.

16. This action is being commenced more than (180) days since the inception of Plaintiff's administrative action against the Defendants.

## STATEMENT OF MATERIAL FACTS

17. Plaintiff Pereira is an individual woman.

18. Defendant HUGO BOSS is a publicly traded, international luxury retail corporation, with locations around the word and the United States, including one of its flagship stores inside the Aventura Mall in Aventura, Florida. Defendant's Aventura store is one of Defendant's top earning stores in the United States.

19. On or about December 26, 2017 Plaintiff originally began working for Defendant HUGO BOSS as its Visual Ambassador for the Southeast Region of Defendant's stores. Then, in

December 2018, Plaintiff became the Assistant Manager of Defendant's flagship store in the Aventura Mall.

20. Defendant's location at the Aventura Mall is one of Defendant's flagship stores, and also one of Defendant's top earning stores.

21. Ms. Pereira has been passionate about fashion and retail for a long time. Indeed, Ms. Pereira hold a bachelor's degree in Fashion Design and an Associate's degree in Management and Merchandising, the latter of which, Plaintiff earned while working for Defendant.

22. Camilo Casallas ("**Casallas**") is an individual man, and at all relevant times was employed by Defendant HUGO BOSS at its Aventura location as Defendant's Regional Manager, overseeing and supervising Defendant's operations throughout Florida and Georgia. Casallas hired Plaintiff and held supervisory authority over Ms. Pereira, controlling various terms and conditions of her employment.

23. Ciaran McInerney ("**McInerney**") is an individual man, and at all relevant times was employed by Defendant HUGO BOSS at its Vice President of Retail for the Americas. McInerney held supervisory authority over Plaintiff, controlling various terms and conditions of Ms. Pereira's employment.

24. Plaintiff was one of only a few women working at Defendant's Aventura location.

25. In or around February 2019, after proving herself as one of Defendant's preeminent Assistant Store Managers, Defendant HUGO BOSS promoted Plaintiff—but did not compensate her any further—to the Southeast Visual Team Lead for Florida and Georgia and as an Assistant Store Manager for Defendant's Aventura store.

26. In or around February 2019, Casallas conducted nine interviews for the open position of Store Manager of Defendant HUGO BOSS' Aventura store. Around this time, Plaintiff

called Casallas to show her interest in the position. Casallas was responsive to Plaintiff's interest, agreeing that he would consider her candidacy, and told Plaintiff she would be an excellent fit. Besides, Plaintiff had already effectively assumed the role as Assistant Manager because Defendant routinely assigned Plaintiff Store Manager tasks. Even Defendant's corporate headquarters in New York City considered Ms. Pereira as Store Manager of Defendant's Aventura store. Nonetheless, Plaintiff had no interested in merely functioning as a pseudo-Store Manager— Ms. Pereira wanted to *be* the Store Manager. Plaintiff also wanted to be compensated for completing the tasks of Store Manager that were in addition to her responsibilities as Assistant Store Manager and Visual Team Lead for Florida and Georgia.

27. During the interview process, Casallas told McInerney he was not having any luck finding any external candidates. However, Casallas mentioned Plaintiff had expressed interest in the position. Casallas told McInerney he considered Ms. Pereira a viable candidate. Yet, McInerney told Casallas he could not hire Plaintiff due to Defendant's supposed policy of not hiring internally for the Store Manager position. Casallas was surprised by McInerney's response. Indeed, Casallas mentioned, in his fifteen years working for Defendant, that he was unaware of this policy. McInerney failed to point to any policy to verify this with Casallas.

28. Meanwhile, Ms. Pereira carried on as the assumed Store Manager of Defendant's Aventura store, and continually exceeded expectations. On or about February 26, 2019, Plaintiff emailed McInerney to express that she was very eager to become the Store Manager of Defendant's Aventura store. Ms. Pereira outlined all of her accomplishments and made her case for why she was a great candidate.

29. Then, on or about February 28, 2019, McInerney responded to Plaintiff with negative news. As a flagship store, McInerney told Plaintiff, Defendant HUGO BOSS would not

consider a first-time appointment to Store Manager.  As if it were any consolation, McInerney promised Ms. Pereira to sit down face-to-face to discuss her future with Defendant.

30.     On or about March 4, 2019, Plaintiff traveled to Defendant HUGO BOSS' corporate headquarters in New York City to meet with McInerney.  McInerney reiterated that Plaintiff would not be considered for the open Store Manager position because of the policy.  McInerney said something to the effect of, "No way Jose—not in a million years will you be considered for that position."

31.     On or about May 19, 2019, McInerney hired Dennis Adila ("**Adila**") as Store Manager of Defendant's Aventura location.  Adila was an internal hire who had been a Store Manager of one of Defendant's Virginia stores.  However, notwithstanding this experience, Defendant had issued Adila several negative performance reviews as Store Manager at Defendant's Virginia location.  Plaintiff saw why these reviews were warranted.  Indeed, Ms. Pereira noticed Adila spent a lot of time outside of the store on his phone.  Additionally, Adila unfairly blamed Plaintiff for issues she had nothing to do with.

32.     Around this time, however, McInerney tasked Plaintiff with creating an Action Plan—a task for the Store Manager.  Ms. Pereira, although a bit confused as to why McInerney appointed her with this task, took it on with enthusiasm as she relished the opportunity.  Hence, Plaintiff continued her assumed role as Store Manager even after McInerney hired Adila for the role.

33.     On or about June 1, 2019, Plaintiff emailed Defendant HUGO BOSS' corporate management outlining her concerns of gender discrimination.

34. In response to Plaintiff's email, Liz Socorro ("**Socorro**") told Plaintiff that she too was not paid for similar responsibilities, and that she was told her promotion to Store Manager was not possible. Socorro also complained of gender discrimination to Defendant HUGO BOSS.

35. On or around June 29, 2019, Defendant HUGO BOSS promised to pay Plaintiff a three-thousand-dollar ($3,000) stipend in compensation for completing her duties as an unofficial Store Manager since January 2019. Although Plaintiff was somewhat disappointed by this—being compensated a mere $500 per month for her duties—Plaintiff was enthused that she was getting official recognition for all the work she put into effectively running Defendant's flagship Aventura store. On or about July 5, 2019, Defendant deposited the $3,000 stipend in Plaintiff's personal checking account. However, two days later, on or about July 7, 2019, Defendant retracted the stipend and informed Plaintiff she would not receive the $3,000 as promised.

36. At all relevant times, Plaintiff claim a continuous practice of discrimination and claims a continuing violation, thereby making all claims herein under the continuing violations doctrine. Similarly, Defendant exhibited a pattern and practice of not only discrimination but also retaliation.

37. The above are just some of the examples of unlawful discrimination, and retaliation to which Defendant subjected Plaintiff to on a frequent and ongoing basis throughout Plaintiff's employment.

38. At all relevant times, Defendant's employees were acting as agents of Defendant HUGO BOSS in their unlawful treatment of Plaintiff.

39. At all times material, Defendant's supervisors and management not only perpetrated harassment, but acted with deliberate indifference to the discriminatory treatment, hostile work environment, and the retaliation complained of herein.

40. As a result of Defendant's unlawful acts and conduct, Plaintiff has suffered and will continue to suffer numerous injuries including economic and emotional damages.

41. As a result of Defendant's unlawful acts and conduct, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42. As a result of the unlawful acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer damages, including but not limited to financial and economic damages, lost wages (back pay and front pay) and benefits, advancement opportunities within Defendant HUGO BOSS, and continues to suffer the same. Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

43. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

44. Defendant HUGO BOSS is either strictly or vicariously liable for the unlawful acts and conduct complained of herein, including for the acts and conduct of its managers and supervisors.

45. Plaintiff has been damaged by Defendant's unlawful discrimination in violation of the FCRA.

46. At all times material, Defendant's supervisors and management not only perpetrated harassment, but acted with deliberate indifference to the discriminatory treatment.

47. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

48. Defendant HUGO BOSS is either strictly or vicariously liable for the unlawful acts and conduct complained of herein, including for the acts and conduct of its managers and supervisors.

49. Plaintiff has been damaged by Defendant's unlawful discrimination in violation of the FCRA.

## COUNT ONE
### Violation to the Equal Pay Act of 1963
### 29 U.S.C. § 206(d) (Unlawful Gender Wage Discrimination)

50. Plaintiff realleges the allegations in the preceding paragraphs contained herein.

51. Defendant's acts or omissions, through its employees and/or agents resulted in unfairly paying Plaintiff a base salary lower than her male counterpart employed by Defendant in the same or substantially similar role, for the same or substantially similar work with the same required skill, effort, and responsibility, violating 29 U.S.C. §§ 206(d)(1).

52. 29 U.S.C. §§ 206(d)(1) provides: "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

53. Defendant discriminated against Plaintiff passed on her sex/gender in failing to promote her, promoting her male colleague and former trainee over her in violation of Company policy, and refusing to compensate Plaintiff equally for the same or similar work performed by her and her male colleague.

54. At all times material to this action, Defendant maintained written policies regarding or otherwise state: (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex. Under such polices, Plaintiff was entitled to a promotion and Defendants violated policy by promoting and compensating her male colleague to the same or substantially similar role.

55. Defendant's unlawful actions were willful.

56. Defendant's acts or omissions resulting in its paying Plaintiff less than her male counterpart were neither in good faith nor did it have reasonable grounds for believing that its acts or omissions were not a violation of the EPA.

57. As a direct and proximate result of the aforementioned discriminatory acts of Defendant, through its employees and/or agents, in violation of 29 U.S.C.§§ 206(d)(1), Defendant is liable.

58. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

59. As a result of Defendant's violations of the EPA, Plaintiff has suffered damages, including, but not limited to: past and future wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

60. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

61. Plaintiff Periera has been damaged by the illegal conduct of Defendant.

## COUNT TWO
### Retaliation in Violation to the Equal Pay Act of 1963
### 29 U.S.C. § 206(d), 215(a)(3) (Unlawful Gender Wage Discrimination)

62. Plaintiff realleges the allegations in the preceding paragraphs contained herein.

63. This is an action to recover damages resulting from unlawful and retaliatory actions and termination pursuant to the EPA.

64. 29 U.S.C. §215(a)(3) makes it unlawful to "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee…"

65. Plaintiff engaged in protected activity by requesting to be paid equal to her male colleague and opposing gender discrimination, retaliation, and practices made unlawful by the EPA.

66. In response to statutorily protected activity, Defendant, through its employees and/or agents, adopted a pattern of subjecting Plaintiff to a series of retaliatory adverse employment actions.

67. These reprisals were a materially adverse employment action in that such actions, whether considered individually or collectively, altered the terms, conditions or privileges of Plaintiff's employment, and/or adversely affected Plaintiff's status as an employee. Further, the retaliatory acts were reasonably likely to deter employees from engaging in protected activity. As such, the retaliatory acts constitute adverse employment actions for the purposes of the EPA.

68. The retaliatory acts when considered collectively were sufficiently severe and/or pervasive to materially alter the conditions of Plaintiff's employment and create a hostile working environment.

69. Defendant made no attempt to comply with the law, to address or redress the adverse actions and instead unlawfully terminated Plaintiff's employment.

70. In opposing the discriminatory behavior, Plaintiff had a good faith, reasonable belief that she had been or was being subjected to unlawful discrimination on the basis of gender.

71. Plaintiff's actions are causally connected to her protected activity.

72. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

73. As a result of Defendant's violations of the EPA, Plaintiff has suffered damages, including, but not limited to: past and future wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

74. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

75. Plaintiff has been damaged by the illegal conduct of Defendant.

**COUNT THREE**
**Sex Discrimination (Disparate Treatment)**
**in Violation of Florida Statute §760.10(1)(a)**

76. Plaintiff realleges the allegations in the preceding paragraphs contained herein.

77. The FCRA prohibits discrimination against an individual's terms and conditions of employment because of the individual's sex.  Fla. Stat. § 760.10(1)(a).  ("It is an unlawful employment practice for an employer … to discriminate against any individual with respect to

compensation, terms, conditions, or privileges of employment, because of such individual's … sex.)."

78. To establish a *prima facie* case of sex discrimination in a promotional decision, a plaintiff must show: (1) she is a protected class member; (2) she was qualified and applied for a promotion; (3) she was rejected despite her qualifications; and (4) other equally or less qualified employees outside of her protected class were promoted. *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000).

79. First, Plaintiff is a woman and therefore is a protected class member.

80. Second, Plaintiff applied for Defendant's Store Manager position, a position which Plaintiff was qualified for. Indeed, as described in the fact section above, Plaintiff's qualifications are evinced by her above satisfactory performance while acting as the de facto Store Manager. Specifically, Plaintiff, who was both Defendant's Assistant Store Manager and Southeast Visual Lead, had many successes, ranging from—but not limited to—managing all local marketing events, developing a client outreach plan—which generated 17 high ticket sales of over $155,000 each—handling all operational aspects of Defendant's Aventura store, and developing an Extended Action Plan, a Store Manager function.

81. Third, Defendant HUGO BOSS rejected Plaintiff despite her qualifications. Indeed, McInerney emailed Plaintiff explained that she would not be hired for the position notwithstanding the fact he "appreciate[d] what [Plaintiff] [had] put into the store over the last months," which McInerney admitted, "shows what potential [Plainitff] [has] going forward at HUGO BOSS."

82. Fourth, other equally or less qualified individuals outside Plaintiff's protected class were promoted over Plaintiff. Indeed, Defendant HUGO BOSS hired Andila, a man, who had

received negative performance reviews in his previous position, while Defendant had only given Plaintiff satisfactory or above satisfactory performance reviews.

83. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff because of her sex.

84. As a result of Defendant's unlawful conduct in violation of the FCRA, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

85. Defendant HUGO BOSS' actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA. Accordingly, Plaintiff also requests punitive damages as authorized by the FCRA.

86. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

87. Plaintiff realleges the allegations in the preceding paragraphs contained herein.

### COUNT FOUR
### Sex Discrimination (Retaliation)
### in Violation of Florida Statute §760.10(1)(a)

88. Plaintiff realleges the allegations in the preceding paragraphs contained herein.

89. The FCRA prohibits retaliation against an employee for opposing conduct which would violate the terms of the FCRA.

90. Plaintiff opposed gender/sex discrimination which is prohibited by the FCRA when Plaintiff complained to Defendant about discrimination that Plaintiff was subjected to as described above.

91. Plaintiff's complaints of discrimination, therefore, constituted protected activity under the FCRA.

92. Shortly after expressing opposition to the unlawful discrimination, Plaintiff was retaliated against by Defendant.

93. Despite numerous complaints to the company about inappropriate behavior and retaliation against Plaintiff for complaining, Defendant failed to take timely appropriate corrective action

94. Defendant's non-responsiveness to Plaintiff's complaints compounded the hostile working environment, and the retaliation endured for complaining about inappropriate discrimination further created intolerable working conditions for Plaintiff.

95. The retaliation and termination were the result of Plaintiff's opposition to the discriminatory conduct to which Plaintiff was subjected, in violation of the FCRA.

96. Defendant's actions were intentional and willful and done with malice.

97. As a result of Defendant's intentional, willful and unlawful retaliatory actions, Plaintiff has suffered economic damages, as well as mental anguish, loss of dignity, and other intangible injuries.

98. Plaintiff also requests punitive damages as authorized by the FCRA.

99. Plaintiff further seeks attorney's fees and costs as permitted by law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable before a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgement against Defendant HUGO BOSS in an amount to be determined at the time of a trial plus interest, including but not limited to all emotional distress and economic damages, compensatory damages, punitive damages, liquidated damages, consequential damages, attorneys' fees and costs, and disbursement of actions, and for any such other relief that is statutorily permitted and as the Court deems just and proper.

Dated:  Miami, Florida
        May 30, 2021

**DEREK SMITH LAW GROUP, PLLC**

Caroline H. Miller, Esq.
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Caroline@dereksmithlaw.com

*Counsel for Plaintiff*